No. 88-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN THE MATTER OF THE ESTATE OF
MACK R. ALLEN, Deceased.

_____

APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Toole,
               The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

             Selden S. Frisbee, Cut Bank, Montana

       For Respondent:

             Marc Buyske; Anderson, Beatty & Buyske, Shelby,
             Montana

_____

Submitted on Briefs:   March 23, 1989

Decided:   April 19, 1989

Filed:

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Ninth Judicial District Court, Toole County, concerns the exercise of a power of appointment granted Lillian E. Allen by the last will and testament of her husband, Mack R. Allen. Both Lillian and Mack were domiciled in Minnesota at the time of their deaths. The present proceeding concerns the exercise of the power in regard to property situated in Toole County, Montana. The only issue is whether the District Court correctly concluded that Lillian failed to exercise the power. We affirm.

Mack's will created a marital deduction trust and a residuary trust for the benefit of Lillian. The will directed that 50% of the assets of Mack's adjusted gross estate be used to fund the marital deduction trust, and that the rest of such estate be used to fund the residuary trust. The will also provided that on the death of Lillian, the remainder of the residuary trust be distributed to Robert S. Allen and Marjorie W. Allen. The remainder of the marital deduction trust under the terms of Mack's will was also to pass to Robert S. Allen and Marjorie W. Allen unless Lillian exercised the power of appointment in her will.

This dispute arose after the death of both Mack and Lillian. At the time of his death, Mack owned a royalty interest in minerals in Toole County, Montana. No mention of the royalties was made in the probate of either Mack's or Lillian's estates.

Following Lillian's death, the royalties were discovered and this proceeding was initiated. Respondents argued that the royalties should pass entirely to Robert S. Allen and Marjorie W. Allen as part of the residuary trust. Appellants contended that half of the royalties should be considered to

be part of the marital deduction trust and thus pass to the heirs of Lillian as directed by the general residuary clause of her will. The District Court held that the royalties were part of the residuary trust, and thus they passed to Robert S. Allen and Marjorie W. Allen upon termination of the trusts.

We affirm for a different reason. It makes no difference which trust contained the royalties if Lillian failed to exercise the power of appointment in the language of her will. We find that under Montana law, Lillian failed to exercise the power.

Appellants argue that Montana law does not control the issue because the Minnesota Probate Court decreed that the will exercised the power, and Montana courts are bound by this determination. This argument ignores the rule that the intention of the testator in devising an interest in land is controlled by the law of the situs. 16 Am. Jur. 2d, Conflict of Laws § 72 at 114 (2d ed. 1979).

Lillian's will does not specifically exercise the power granted under her husband's will. Her will does provide a residuary clause reading:

> All of the rest, residue and remainder of my estate of every kind and nature, wheresoever situated and whether now owned by me or hereafter acquired by me, I give, devise and bequeath unto THE FIRST NATIONAL BANK OF MINNEAPOLIS . . . as Trustees . . .

In many jurisdictions, a will with a general residuary clause does manifest an intent to exercise a power. See Comment, Uniform Probate Code, § 2-610. However, Montana has adopted § 2-610 from the Uniform Probate Code as § 72-2-518, MCA, which provides the contrary rule:

3

> **No implied exercise of power of appointment.**
> A general residuary clause in a will or a will making general disposition of all of the testator's property does not exercise a power of appointment held by the testator unless specific reference is made to the power or there is some other indication of intention to include the property subject to the power.

The reason for requiring a specific exercise of a power is stated in the Comment to § 2-610, Uniform Probate Code:

> Although a substantial number of states have legislation to the effect that a will with a general residuary clause does manifest an intent to exercise a power, the contrary rule is stated in the present section for two reasons: (1) this is still the majority rule in the United States, and (2) most powers of appointment are created in marital deduction trusts and the donor would prefer to have the property pass under his trust instrument unless the donee affirmatively manifests an intent to exercise the power.

The public policy of this State therefore resolves the issue in favor of finding that Lillian E. Allen did not exercise the power of appointment granted by her husband's will. Thus, we affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices